JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
David Guisewhite

**DEFENDANTS**
PA State Trooper Ryan Luckenbaugh, PA State Police Commissioner Frank Noonan

**(b)** County of Residence of First Listed Plaintiff    Somerset
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Dauphin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin C. Allen
CRYSTLE, ALLEN & BRAUGHT, LLC
143 North Duke Street, Lancaster PA 17602    717-393-0600

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 4th Amendment / 42 U.S.C. §1983
Brief description of cause:
excessive use of force by a PA State Trooper

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/07/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

KEVIN C. ALLEN, ESQUIRE                    ATTORNEY FOR PLAINTIFF
CRYSTLE, ALLEN & BRAUGHT, LLC
ATTORNEY I.D. 55232
143 NORTH DUKE
LANCASTER, PA 17602
Phone:  717-393-0600
Facsimile:  717-396-1028

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CIVIL ACTION

DAVID GUISEWHITE                    :
    SCI Somerset                         :
    1590 Walters Mill Road               :
    Somerset PA 15510                    :
         Plaintiff                 :
                  :   No.:
         v.                               :
                  :
PENNSYLVANIA STATE TROOPER           :
RYAN LUCKENBAUGH                     :
    8000 Bretz Drive                     :
    Harrisburg, PA 17112                 :
                  :
        and                            :   JURY TRIAL DEMANDED
                  :
PENNSYLVANIA STATE POLICE            :
COMMISSIONER FRANK NOONAN            :
    8000 Bretz Drive                     :
    Harrisburg, PA 17112                 :
         Defendants                :

CIVIL ACTION COMPLAINT

INTRODUCTION

    1.    This is an action for money damages against Pennsylvania State Trooper

Ryan Luckenbaugh and former Pennsylvania State Police Commissioner Frank Noonan for

the violation of plaintiff, David Guisewhite's constitutional rights.

2.    Plaintiff David Guisewhite alleges that Defendant Ryan Luckenbaugh unlawfully used unreasonable and excessive force by jumping on top of the plaintiff, forcefully kneeling on his back and neck, slamming his head into the asphalt and striking him with his hands and feet resulting in serious personal injury.  The actions of Defendant Luckenbaugh were without legal justification and in violation of plaintiff David Guisewhite's rights under the laws and the Constitution of the United States in particular the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983.

3.    Plaintiff David Guisewhite alleges that former Police Commissioner Frank Noonan is directly liable and responsible for the acts of Defendant Luckenbaugh because upon information and belief, he repeatedly and knowingly failed to enforce the laws and guidelines of the Commonwealth of Pennsylvania, and the regulations of the Pennsylvania State Police pertaining to the use of force by police officers, thereby creating within the Pennsylvania State Police force an atmosphere of lawlessness in which police officers employed unreasonable, excessive and illegal force and violence in the belief that such acts would be condoned and justified by their superiors.

4.    Further, Plaintiff David Guisewhite alleges that Defendant Police Commissioner Frank Noonan, failed to provide training and supervision concerning the rights of citizens, the duties of police officers and the unlawful use of force by police officers amounting to gross negligence and reckless and/or deliberate indifference to the safety and lives of the citizens of the Commonwealth of Pennsylvania including plaintiff, David Guisewhite.

5.    Plaintiff, David Guisewhite files the within civil action complaint and requests judgment against Defendants Pennsylvania State Trooper Ryan Luckenbaugh and former

2

Pennsylvania State Police Commissioner, Frank Noonan, jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00), plus punitive damages, interest, costs, attorneys fees pursuant to 42 U.S.C. §1988, and damages for delay.

**JURISDICTION**

6.     This action is brought pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1334, and the aforementioned statutory and Constitutional provisions.

**PARTIES**

7.     Plaintiff David Guisewhite is an adult individual currently residing at SCI Somerset, 1590 Walters Mill Road, Somerset PA 15510.

8.     Defendant, Pennsylvania State Trooper Ryan Luckenbaugh (hereinafter Luckenbaugh), is an adult individual who, during all relevant times, was employed by the Pennsylvania State Police as a trooper. All of Defendant Luckenbaugh's actions or inactions were taken under color of state law.  He is sued in his individual capacity.

9.     Defendant Pennsylvania State Police Commissioner, Frank Noonan (hereinafter Noonan) is an adult individual who, during all relevant times, was employed by the Pennsylvania State Police.  From approximately December 2011 through December 2015, Defendant Noonan had served as the Commissioner of the Pennsylvania State Police.  All of Defendant Noonan's actions or inactions were taken under color of state law.  He is sued in his individual capacity.

3

**FACTUAL ALLEGATIONS**

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 9 the same as if set forth at length herein.

10.     On or about June 13, 2014, at approximately 4:00 a.m., Plaintiff, David Guisewhite was just leaving the Wilco Hess convenience store and entering the parking lot of the Wilco Hess Gas Station and Travel Plaza located at 7833 Linglestown Road in Harrisburg Pennsylvania.

11.     As plaintiff left the store, a police car pulled up and Defendant Luckenbaugh approached plaintiff.

12.     Defendant Luckenbaugh requested plaintiff's I.D.

13.     Plaintiff asked Defendant Luckenbaugh if he was under arrest to which Defendant Luckenbaugh responded, "No."

14.     Plaintiff then began walking away and then began to run away.

15.     Defendant Luckenbaugh, without warning or probable cause, shot plaintiff with his taser gun causing plaintiff to fall to the ground.

16.     Defendant Luckenbaugh approached plaintiff and began kicking plaintiff on the left side of his body and head.

17.     As plaintiff was trying to cover his head, Defendant Luckenbaugh came down with his full body weight forcing his knee into plaintiff's neck thereby breaking the bones in plaintiff's neck and back.

18.    Defendant Luckenbaugh violently and repeatedly kicked and punched plaintiff causing great bodily harm more specifically described below.

19.    Defendant Noonan was ultimately responsible for implementing and enforcing proper police policies and training.

20.    Upon information and belief, Defendant Noonan knew or should have known that numerous troopers assigned to Troop H, including Defendant Luckenbaugh, had repeatedly engaged in incidents involving the unlawful use of force as evidence by citizen complaints, internal complaints and lawsuits that have been filed against said troopers who failed to take appropriate and sufficient actions to stop the unlawful conduct from repeatedly occurring.

21.    Specifically, Defendant Noonan, despite having overall supervisory responsibility for Troop H failed to assert sufficient supervisory control over Troop H which permitted a culture to develop or continue where unlawful force and brutality was permitted to exist.

22.    As a result of the culture of brutality permitted by Defendant Noonan, Defendant Luckenbaugh used unlawful excessive force against the Plaintiff, causing him to suffer serious and permanent injury more specifically described in the following paragraphs.

23.    As a result of the unnecessary use of force by Defendant Luckenbaugh and the above described conduct of Defendant Noonan, plaintiff, Guisewhite suffered severe personal injuries including, but not limited to: head injury, traumatic brain injury, concussion and headache, neck injury including fractures of C-1, C-2 and C-3, fractures and injury to the ribs, including fractures to the 9th and 10th ribs, traumatic suboracnoid hemorrages; frontal lobe contusion; fratebral artery disection; fractures of thoracic vertebrae including but not limited to

T-6 and T-9; multiple contusions and abrasions; injuries to the nerves and nervous system; severe pain and suffering and severe and mental and emotional distress.

24.     As a further direct and proximate result of the aforesaid acts and omissions of Defendants, plaintiff Guisewhite was, and may in the future be, unable to engage in his usual daily activities and occupations all to his great detriment and loss.

25.     As a direct and proximate result of the acts and omissions of Defendants, plaintiff Guisewhite has been required to undergo various medical treatments and diagnostic testing, surgical procedures, as well as physical therapy, in an effort to effect a cure for his injuries and he may require ongoing medical treatment in the future for said injuries, all of which causes plaintiff to endure severe pain and suffering and he is expected to suffer such loss in the future, all to his great detriment and loss.

26.     As a direct and proximate result of the above described unlawful, reckless, arbitrary, intentional and malicious acts of Defendants Luckenbaugh and Noonan, all committed under color of their authority as Pennsylvania State Police Trooper and Pennsylvania State Police Commissioner and while acting in that capacity, plaintiff Guisewhite suffered great bodily harm in violation of his rights under the laws and Constitution of the United States in particular the Fourth Amendment thereof and 42 U.S.C. §1983.

27.     Plaintiff Guisewhite was a victim of summary punishment at the hands of Defendant Luckenbaugh.  The punishment administered was grossly disproportionate to whatever plaintiff's acts may have been, constituted cruel and unusual punishment and deprived him of his right to due process of law under the laws and Constitution of the United States.  The

6

infliction of injury upon plaintiff Guisewhite by Defendant Luckenbaugh was unreasonable, unwarranted, cruel, arbitrary, reckless, inhumane, unjustifiable and excessive.

28.     As a further direct and proximate result of the above described acts and omissions of Defendants, plaintiff Guisewhite was deprived of the rights and immunities secured to him under the Constitution and laws of the United States and the Commonwealth of Pennsylvania to be secure in his person and to be free from punishment without due process.

29.     Defendants subjected plaintiff Guisewhite to these deprivations of his rights either maliciously, arbitrarily or by acting with reckless disregard for whether plaintiff's rights would be violated by these acts or omissions.

WHEREFORE, plaintiff David Guisewhite demands judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## COUNT I

### PLAINTIFF, DAVID GUISEWHITE
### v.
### DEFENDANT RYAN LUCKENBAUGH

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 29 the same as if set forth at length herein.

30.     Defendant Luckenbaugh unlawfully injured plaintiff David Guisewhite without just and legal cause and with reckless indifference to the safety of plaintiff, thereby violating plaintiff's rights under the laws and Constitution of the United States, in particular 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution.

31. Defendant Luckenbaugh used more force than was necessary to overcome the alleged resistence.

32. Defendant Luckenbaugh knew that the technique he used to deliver the force to the plaintiff was not generally accepted in law enforcement and would likely result in serious injuries to the plaintiff.

33. The force used by Defendant Luckenbaugh was excessive and, therefore, unlawful. 34. The acts of Defendant Luckenbaugh were without justification or provocation. As a direct and proximate result of the acts of Defendant Luckenbaugh, plaintiff David Guisewhite suffered severe personal injuries more specifically described above in paragraphs 22 through 28.

WHEREFORE, plaintiff David Guisewhite demands judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## COUNT II

**PLAINTIFF, DAVID GUISEWHITE**
**v.**
**DEFENDANT PENNSYLVANIA STATE POLICE COMMISSIONER**
**FRANK NOONAN**

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 34 the same as if set forth at length herein.

35. Upon information and belief, prior to June 13, 2014, Defendant Noonan tolerated and ratified a pattern and practice of unjustified, unreasonable and illegal use of force in that:

8

a. Defendant Noonan failed to discipline or prosecute or in any manner deal with known incidents of abuse of police powers and improper use of force by officers;

b. Defendant Noonan refused to investigate complaints of previous incidents of abuse of police powers and improper use of force by police officers and instead officially claimed that such incidents were justified and proper; and

c. By means of both inaction and cover-up of such abuse of police powers and excessive use of force by officers, Defendant Noonan encouraged police officers, including Defendant Luckenbaugh, to believe that such abuse of police powers and unreasonable use of force was permissible.

36. Upon information and belief, Defendant Noonan have maintained either an inadequate system or no system of review of the use of force by police officers, which results in the failure to identify instances of improper use of force, or failure to discipline, closely supervise or retrain police officers who improperly use force. Upon information and belief, the system deficiencies include, but are not limited to:

a. Preparation of investigative reports designed to vindicate the use of force regardless of whether such actions were justified;

b. Preparation of investigative reports which uncritically rely solely on the word of police officers involved in the incidents and which systematically fail to credit testimony by non-police officer witnesses;

9

c.  Preparation of investigative reports which omit factual information and physical evidence which contradict the accounts of the police officers involved;

d.  Issuance of statements exonerating officers involved in such incidents prior to the conclusion of investigation; and

e.  Failure to review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence or which contradict such evidence.

37.  Upon information and belief, Defendant Noonan also maintained a system of grossly inadequate training pertaining to the law of permissible use of force, arrest and prosecution.

38.  The foregoing acts, omissions and systemic deficiencies, policies and/or customs of Defendant Noonan have caused troopers of the Pennsylvania State Police to be unaware of the rules and laws governing the use of force, arrest and prosecution and to believe that the use of force, arrest and prosecution is entirely within the discretion of the officer and an unreasonable and excessive use of police powers would not be honestly and properly investigated, all with the foreseeable result that officers are more likely to engage in excessive use of force in situations where such force is neither necessary, reasonable, nor legal.

39.  Upon information and belief, Defendant Noonan failed to promulgate and enforce a policy relating to the use of force, which is not in violation of the laws of the Commonwealth of Pennsylvania and the United States Constitution, thereby causing and encouraging police

10

officers, including Defendant Luckenbaugh to violate the rights of citizens such as plaintiff David Guisewhite.

40. Upon information and belief, Defendant Noonan failed to properly sanction and/or discipline officers who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens including Fourth Amendment rights violations by other police officers, thereby causing and encouraging Pennsylvania Troopers, including Defendant Luckenbaugh, to violate the rights of citizens such as plaintiff David Guisewhite.

41. Upon information and belief, Defendant Noonan has intentionally and/or with deliberate indifference to the danger of harm to citizens like plaintiff David Guisewhite, established a system which fails to identify, track or report instances of improper use of force, illegal arrests and malicious prosecution which was used by Defendant Noonan to conceal the extent to which police officers engage in unreasonable, improper and excessive use of force, false arrest and malicious prosecution.

42. The foregoing acts, omissions and systemic deficiencies of policies, practices and customs of the Pennsylvania State Police under the guidance of Defendant Noonan have caused State Troopers, including Defendant Luckenbaugh, to be unaware of or to disregard the rules and laws governing the situations under which it is permissible to engage in the use of force and to believe that unreasonable and excessive use of force against citizens and arrests without just cause is a proper police practice entirely within the discretion of the officer and that unreasonable and excessive use of force resulting in injuries would not be honestly and properly investigated all with the foreseeable result that officers, including Defendant Luckenbaugh, are

more likely to engage in unreasonable and excessive use of force where such action is neither necessary, reasonable nor legal.

43.     Upon information and belief, at no time, either prior to employment of the Defendant Luckenbaugh, or after assignment to duty whereby it was foreseeable that Defendant Luckenbaugh would be required to use force, did Defendant Noonan take reasonable steps to ascertain whether Defendant Luckenbaugh was emotionally capable of performing such police duties and did not have a propensity toward violence or overreaction in situations he was likely to encounter, or administer well-known standard tests to ascertain Defendant Luckenbaugh's propensity toward violence.

44.     Upon information and belief, Defendant Noonan, as a matter of policy and practice, has with deliberate indifference, failed to adequately train, discipline, sanction or otherwise direct Pennsylvania State Police Troopers concerning the rights of citizens particularly concerning the Fourth Amendment to the United States Constitution, thereby causing Defendant Luckenbaugh in this case, to engage in the unlawful conduct described above.

45.     Upon information and belief, Defendant Noonan, as a matter of policy and practice, have, with deliberate indifference, failed to adequately train, discipline, sanction or otherwise direct Pennsylvania State Police Troopers, including Defendant Luckenbaugh, who are aware of and subsequently conceal violations of the constitutional rights of citizens including Fourth Amendment rights violations by other police officers.  Defendant Noonan's policy and practice, thereby causes and encourages officers, including Defendant Luckenbaugh, to engage in unlawful conduct which violates plaintiff David Guisewhite's Fourth Amendment rights.

46.     Defendant Noonan is directly liable for his own acts and omissions,

12

specifically with regard to the failure to train and the promulgation of violations of the plaintiff David Guisewhite's Fourth Amendment rights through the maintenance of a policy, custom, practice and/or procedure that ratifies, condones, and/or tolerates such violations.

47.     As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of Defendant Noonan, Defendant Luckenbaugh violated plaintiff David Guisewhite's Fourth Amendment rights by engaging in the use of unreasonable and excessive force against the plaintiff, thereby causing severe personal injuries more specifically set forth above in plaintiff's Complaint.

WHEREFORE, plaintiff David Guisewhite demands judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

## COUNT III

### PLAINTIFF, DAVID GUISEWHITE
v.
### DEFENDANT PENNSYLVANIA STATE TROOPER
### RYAN LUCKENBAUGH

Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 47 the same as if set forth at length herein.

48.     The herein described conduct of Defendant Luckenbaugh, was malicious, wanton, willful, reckless and intentionally designed to inflict grievous bodily injury and mental distress upon plaintiff David Guisewhite's person.

49.     As a result of the malicious, wanton, willful, reckless, and intentional conduct of individual Defendant Luckenbaugh, plaintiff David Guisewhite demands punitive damages.

13

WHEREFORE, plaintiff David Guisewhite demands judgment against Defendants jointly, severally and in the alternative in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus punitive damages, interest, costs, attorney's fees and damages for delay.

**JURY TRIAL DEMAND**

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 49 the same as if set forth at length herein.

50.    Plaintiffs demand a trial by jury.

Respectfully submitted,

CRYSTLE, ALLEN & BRAUGHT, LLC

By:    _*Kevin C. Allen*_____
       Kevin C. Allen, Esquire
       Attorney for Plaintiffs
       Attorney I.D. No. 55232
       143 North Duke Street
       Lancaster, PA 17602
       Telephone: (717) 393-0600
       Facsimile: (717) 396-1028

14

## VERIFICATION

I, David Guisewhite, verify that the statements made in the **CIVIL ACTION**

**COMPLAINT**  are true and correct to the best of my knowledge information and belief.  The

undersigned understands that false statements herein are made subject to the penalties of the 18

PACSA §4904 relating to unsworn falsification to authorities.


Date: June 1, 2016

David Guisewhite